IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAMES WALKER, | § | |
| Plaintiff, | § | |
| vs. | § | |
| CHR INTERNATIONAL INC., | § | Civil Action No. 5:19-cv-47 |
| SAFARI HELICOPTER, INC., | § | |
| SAFARI ENTERPRISES LLC, | § | JURY TRIAL DEMANDED |
| BOBBY BAKER, and | § | |
| LETITIA DELANE BAKER, | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Plaintiff James Walker, and files his Original Complaint against Defendants CHR International Inc., Safari Helicopter, Inc., Safari Enterprises LLC, Bobby Baker and Letitia Delane Baker, (collectively, "Defendants") and would respectfully show the Court as follows:

**I.
PARTIES**

1.1   Plaintiff James Walker is a natural person. At all times relevant hereto, Plaintiff James Walker, was a resident and citizen of Aguilares, Webb County, Texas.

1.2   Defendant CHR INTERNATIONAL INC., d/b/a Safari Helicopter is a Florida corporation with its principal place of business located in Marianna, Jackson County, Florida. Defendant CHR INTERNATIONAL INC., conducts business in the State of Texas but does not maintain a registered agent or office in the State of Texas. Defendant CHR INTERNATIONAL INC. may be served by serving the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code §17.044, and forwarding to its principal place of business located at 3725A Industrial Park, Marianna, Florida 32446. CHR INTERNATIONAL INC.

has transacted and conducted business within the State of Texas. CHR INTERNATIONAL INC. has derived substantial revenue from goods and products disseminated and used in the State of Texas, and CHR INTERNATIONAL INC. expected or should have expected its acts to have consequences within the State of Texas.

1.3     Defendant SAFARI HELICOPTERS INC. is a Florida corporation with its principal place of business located in Florida. Defendant SAFARI HELICOPTERS INC. conducts business in the State of Texas but does not maintain a registered agent or office in the State of Texas. Defendant SAFARI HELICOPTERS INC. may be served through the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code §17.044, and forwarding to its principal place of business located at 5103 Willis Road, Greenwood, Florida 32443. Safari Helicopter Inc. has derived substantial revenue from goods and products disseminated and used in the State of Texas, and Safari Helicopter Inc. expected or should have expected its acts to have consequences within the State of Texas.

1.4     Defendant SAFARI ENTERPRISES LLC is a Tennessee Limited Liability Corporation with its principal place of business located in Florida. Defendant SAFARI ENTERPRISES LLC conducts business in the State of Texas but does not maintain a registered agent or office in the State of Texas. Defendant SAFARI ENTERPRISES LLC, may be served through the Texas Secretary of State pursuant to Tex. Civ. Prac. & Rem. Code §17.044, and forwarding to its principal place of business located at 3725A Industrial Park, Marianna, Florida 32446. SAFARI ENTERPRISES LLC has transacted and conducted business within the State of Texas. SAFARI ENTERPRISES LLC has derived substantial revenue from goods and products disseminated and used in the State of Texas, and SAFARI ENTERPRISES LLC expected or should have expected its acts to have consequences within the State of Texas.

1.5  Defendant, BOBBY BAKER, is an individual residing in Marianna, Florida. BOBBY BAKER is or was an officer and/or director of Defendant CHR INTERNATIONAL INC., SAFARI ENTERPRISES LLC, and SAFARI HELICOPTER INC. BOBBY BAKER may be served with summons at his place of business at 3553A Industrial Park Drive, Marianna, Florida 32446-7994.

1.6  Defendant, LETITIA DELANE BAKER, is an individual residing in Marianna, Florida. LETITIA DELANE BAKER is an officer and/or director of Defendant CHR INTERNATIONAL INC., SAFARI ENTERPRISES LLC, and SAFARI HELICOPTER INC. LETITIA DELANE BAKER may be served with summons at her place of business at 3725 Industrial Park Drive, Marianna, Florida 32446-7994.

## II.
### JURISDICTION AND VENUE

2.1  Jurisdiction is proper in this court pursuant to 28 USC §1332 for the reason that there is complete diversity of citizenship between Plaintiff and Defendants and the matter in controversy greatly exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2.2  This Court has general personal jurisdiction over the non-resident Defendants because they have done business in the State of Texas, have committed a tort in whole or in part in the State of Texas, and have continuous and systematic contacts with the State of Texas.

2.3  The Court has specific personal jurisdiction over Defendants because Defendants have purposefully directed its activities toward the State of Texas, has purposefully availed itself of the privileges and benefits of conducting business in the State of Texas, and this lawsuit arises foreseeably from those purposeful activities. Defendants advertise their products and promotes the safety of those products to the citizens of Texas and

directly import and sell products to the citizens of Texas. Further, Defendants' contacts with the State of Texas are related to the claims at issue in this lawsuit. Specifically, Defendants originally sold the aircraft in question to its original purchaser in Texas; as such, Defendants have sought a benefit, advantage, or profit by virtue of its activities in and toward the State of Texas, and more particularly with respect to the aircraft in question in this lawsuit. Further, Defendants committed a tort, in whole or in part, in Texas and Plaintiff's claims in this lawsuit arise directly out of or result from the Defendants' activities in the State of Texas, specifically, the sale of the aircraft that failed and caused Plaintiff's injuries. This suit, in turn, arises out of the foreseeable consequence of selling and delivering a defective aircraft to Texas citizens for use in Texas, and the direct, causal link between the failure of that defective aircraft as a result of Defendants' tortious conduct and the injuries sustained by Plaintiff in the accident caused by that failure.  Defendants should reasonably anticipate being haled into court in Texas. Further, Defendants contacts with Texas are so prevalent that they essentially are "at home" in Texas.

2.4    Under specific jurisdictional theory, the exercise of personal jurisdiction over Defendants within the State of Texas does not offend traditional notions of fair play and substantial justice or any other requirement of due process.

2.5    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred, in part, in the Southern District of Texas.

## III.
## GENERAL ALLEGATIONS OF FACT

3.1     In May 2009, BOBBY BAKER and LETITIA DELANE BAKER formed a Florida corporation named CHR INTERNATIONAL, INC. after several years of involvement with the design, testing, modifying, refining and development of a two seat "kit" helicopter knowns as the Safari. At all relevant times, CHR INTERNATIONAL, INC. engaged in the business of designing, developing, manufacturing and marketing "kit" helicopters.

3.2     In 2010, Defendants CHR INTERNATIONAL, INC. designed, developed, manufactured and tested a Safari 400 style helicopter assigned serial number CH2181. In 2011, the Safari 400 was introduced to the market.

3.3     On July 10, 2015, BOBBY BAKER formed the Florida Corporation named SAFARI HELICOPTERS, INC. and on March 25, 2016, CHR INTERNATIONAL, INC. was voluntarily dissolved. On information and belief, the assets and liabilities of CHR INTERNATIONAL, INC. were transferred to Defendants SAFARI HELICOPTERS, INC., and it became a successor in interest to CHR INTERNATIONAL, INC.

3.4     On February 23, 2017, LETITIA DELANE BAKER formed SAFARI ENTERPRISES LLC. On April 10, 2017, SAFARI HELICOPTER INC. was voluntarily dissolved. On information and belief, the assets and liabilities of SAFARI HELICOPTERS, INC. were transferred to Defendants SAFARI ENTERPRISES LLC., and it became a successor in interest to SAFARI HELICOPTERS, INC.

3.5     In December 2016, SAFARI HELICOPTER INC. sold a Safari 400 Helicopter kit to Panda Ventures LLC in Aguilares, Texas. The Safari 400 helicopter at issue is a two-seat helicopter with a two-blade main rotor and a tail rotor for anti-torque. The Safari 400

helicopter registered with the Federal Aviation Administration under number N326RW was equipped with an Aerosport O-360 engine.

3.6     On May 15, 2018, the Safari 400 helicopter at issue underwent conditional inspection in accordance with manufacturer instructions.

3.7     On July 2, 2018, Plaintiff piloted the Safari 400 helicopter at issue on a low flight under the provisions of 14 Code of Federal Regulations Part 91. Plaintiff was between 20-30 feet in the air when he heard a "pop" and immediately the tail rotor of the Safari 400 helicopter became ineffective and the helicopter started to spin causing a serious crash near Aguilares, Texas. Plaintiff sustained serious injuries as a result of the accident.

3.8     The cause of the crash of the Safari helicopter at issue was the failure of the materials used to manufacture the Safari 400, as the helicopter had recently been inspected and had less than 24.33 hours of flight time. Nothing that Plaintiff did or did not do contributed to this accident.

## CLAIMS FOR RELIEF AGAINST DEFENDANTS

### IV.
#### PRODUCTS LIABILITY – MANUFACTURING DEFECT

4.1     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

4.2     At all times relevant to this suit, Defendants engaged in the business of designing, manufacturing, testing, marketing, and placing into the stream of commerce the Safari 400 to sale to, and use by, members of the public.

4.3     One or more of the defects in the Safari 400 helicopter are the result of improper or incorrect manufacturing processes that resulted in the Safari 400 kit, as manufactured, deviating from its intended design. Said deviations in manufacture include, but are not limited to the incorporation of inferior metal into the Safari 400 airframe.

4.4   The defects caused by manufacturing defect rendered the Safari 400 helicopter unreasonably dangerous to consumers, including Plaintiff, as the inferior metal weakened the structural integrity of the airframe making it susceptible to metal fatigue and failure. The manufacturing defects existed at the time of manufacture; therefore, the defects were present in the product when it left the possession and control of Defendants.

4.5   As a direct and proximate result of the actions and inactions of the Defendants as set forth above, the Safari 400 helicopter was expected to, and did, reach Plaintiff in the manner intended, and Plaintiff suffered personal injuries, economic and non-economic damages including pain and suffering. The defective manufacture of the Safari helicopter directly and proximately caused the injuries to Plaintiff.

## V.
### PRODUCTS LIABILITY – DESIGN DEFECT

5.1   Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

5.2   The Safari 400 helicopter in question was originally designed, manufactured and sold by Defendants. At the time the helicopter was sold, Defendants were in the business of designing, manufacturing and settling helicopters such as the one in question.

5.3   At the time the Safari 400 helicopter was designed, manufactured and sold by Defendants, it was defective in design and unreasonably dangerous as designed. The defective and unreasonably dangerous condition of the Safari 400 helicopter was a producing cause of injuries and damages to Plaintiff.

5.4   The Safari 400 helicopter kit provided to Plaintiff was unreasonably dangerous and defective as designed in the following manner, including but not limited to:

- When it left the hands of the Defendants, this product was unreasonably dangerous to the extent beyond that which could reasonably be contemplated

- by Plaintiff;

- The Safari 400 helicopter was unreasonably dangerous and dangerously defective as designed because the airframe is susceptible to metal fatigue failure;

- The Safari 400 sold by the Defendants was defectively designed with inferior metal;

- The Safari 400's motor was overdesigned resulting in an airframe-engine mismatch resulting in excessive vibration;

- The subject product was not made in accordance with the Defendants' specifications or performance standards;

- The Safari 400's airframe lacked vibration resistance; and,

- There were safer alternatives that did not carry the same risks and dangers that Defendants' Safari 400 had.

5.5    The Safari 400 helicopter kit was defective at the time it was distributed by the Defendants or left their control.

5.6    There were safer alternative designs other than the one used, which were economically and technologically feasible and would have prevented or significantly reduced the risk of accident and/or injury in question without substantially impairing the helicopter's utility. Specifically, Defendants could have equipped the helicopter with metal less prone to fatigue or with vibration resistance. This safer alternative design was available in the market and was technologically and economically feasible at the time the Safari 400 was manufactured and would not have impaired the utility of the helicopter.

5.7    At the time of the accident, the helicopter was in the same or substantially similar condition as when it left the control of Defendants and was placed into the stream of

commerce where it was used in the manner anticipated by Defendants. No material alterations were made to the vehicle.

5.8    Further, at the time the helicopter in question was sold, the defective design caused the product to unexpectedly fail to function in a manner reasonably expected by an ordinary consumers and users of such vehicles. The defective and unreasonably dangerous design of the helicopter was a producing cause of the injuries and damages to Plaintiff.

5.9    The defective and unreasonably dangerous design and marketing of the Safari 400 helicopter was a direct, proximate and producing cause of Plaintiff's injuries and damages. Under strict products liability theories set forth in Restatement (Second) of Torts, Defendants are liable to Plaintiff for all damages claimed in this case.

5.10   As a direct, legal, proximate, and producing result of the defective and unreasonably dangerous condition of the Safari 400 helicopter, Plaintiff suffered personal injuries, economic and non-economic damages, including pain and suffering.

## VI.
### NEGLIGENCE

6.1    Plaintiff hereby incorporates by reference all of the above allegations as if fully set forth herein.

6.2    Defendants committed acts of omission and commission, which collectively constituted negligence, and which were a proximate cause of injuries and damages to Plaintiff.

6.3    Defendants had a duty to exercise ordinary care and breached that duty by their acts of negligence, including the following:

- In designing, manufacturing, and placing into the stream of commerce a product which was unreasonably dangerous for its reasonably foreseeable use,

which Defendants knew or should have known could cause injury to Plaintiff;

- Negligently designing the Safari 400 with inferior metal;

- Negligently overdesigning the motor resulting in an airframe-engine mismatch resulting in excessive vibration;

- Negligently designing the airframe in a manner inconsistent with vibration resistance;

- Failing to implement adequate design and quality control processes after being put on notice of metal fatigue failures;

- Failing to test and inspect component parts for quality;

- Failing to disclose known problems or defects;

- Failing to meet or exceed internal corporate guidelines;

- Failing to notify customers, after the sale of the product, that a defect existed in the product that relates to the products safety;

- Negligence per se for violations of FAA design, manufacturing, and manual requirements set for that 14 C.F.R. Part 21; and/or,

- Res Ipsa Loquitur as the accident which occurred was the type of accident which ordinarily does not occur in the absence of negligence and the design, manufacture, and testing of the Safari helicopter was controlled by Defendant.

6.4   The negligent conduct of Defendants on the occasion in question was a proximate cause of the occurrence in question and Plaintiff's injuries and damages.

### VII.
### COMPENSATORY DAMAGES

7.1   As a result of the conduct of the Defendants, Plaintiff JAMES WALKER suffered serious personal injury for which Plaintiff is entitled to recover damages sustained in the

past and that will likely be sustained in the future for medical care, physical pain and mental anguish, impairment and disfigurement.

## VIII.
## PUNITIVE DAMAGES

8.1 Because Defendants acted with gross negligence, they should have punitive damages assessed against them. When viewed objectively, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendants were subjectively aware of and knew of this extreme risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. Plaintiff is entitled to recover punitive damages, pursuant to § 41.003(a)(2) and (3) of the Texas Civil Practice and Remedies Code and Article XVI, § 26 of the Texas Constitution.

## IX.
## PRE-JUDGMENT AND POST- JUDGMENT INTEREST

9.1 Plaintiff seeks pre-judgment and post-judgment interest as provided by law.

## X.
## JURY DEMAND

10.1 Plaintiff hereby demands a trial by jury on all issues so triable.

## XI.
## PRAYER

11.1 WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this cause be set for trial before a jury, that Plaintiff recovers judgment of and from Defendants for their actual damages, and for exemplary damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff is justly entitled, whether at law or in equity.

Dated this 8th day of April 2019.

                                    Respectfully Submitted,

                                    WATTS GUERRA LLP
                                    4 Dominion Drive, Building 3, Suite 100
                                    San Antonio, Texas 78257
                                    Telephone:  210.447.0500
                                    Fax:  210.447.0501

                          By:     /s/ - Shalimar S. Wallis
                                    FRANCISCO GUERRA, IV
                                    Texas State Bar No. 00796684
                                    Email:  fguerra@wattsguerra.com
                                    SHALIMAR S. WALLIS
                                    Texas State Bar No. 24033191
                                    Email:  swallis@wattsguerra.com

                                    ATTORNEYS FOR PLAINTIFF